STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          CIVIL ACTION
                                        Docket No. CV-07-68
                                        JLP - PEN - ५/31 २०७७

Bartlett Elliot,
        Plaintiff

                                        

FILED & ENTERED
SUPERIOR COURT
AUG 3 1 2007
PENOBSCOT COUNTY

v.                          Order

City of Brewer Police Dept.,
        Defendant


Subsequent to the order dated July 23, 2007, dismissing the complaint without prejudice due to insufficient service, the plaintiff has filed a letter, which the court treats as a motion for reconsideration.

By an order dated March 20, 2007, the court granted his motion for waiver of the filing fee that otherwise must be paid when a complaint is filed. Contrary to the plaintiff's suggestion, he therefore remained responsible for effecting service on the defendant and for paying the costs associated with service. The plaintiff then filed a postal service card showing that the defendant had received a mailing by certified mail. It appears that the date of receipt was May 11, 2007. The plaintiff filed a request for entry of default on June 11. The court denied that motion, because certified mail, by itself, is not a proper form of service. See M.R.Civ.P. 4. The plaintiff had filed his complaint on March 15, 2007. Pursuant to M.R.Civ.P. 3, he was therefore required to file proof of proper service within 90 days of that filing date. He had not done so by June 27 (more than 90 days after the date he filed the complaint), and the court therefore issued the order dated June 27. He did not show cause within the time allotted by that order, and the complaint therefore was dismissed without prejudice on July 23. The plaintiff suggests here that 7 days was not an adequate time to respond to the June 27 order because he was "in transit" at the time and did not receive a copy of the June 27 order until more than a month later, July 31. The court cannot conclude that the plaintiff's failure to receive his mail for such a long time is, under these circumstances, attributable

1

to the court or otherwise a basis for relief from that order. More importantly, a plaintiff bears the responsibility to ensure that a case is pursued in compliance with the rules of court.

Nonetheless, it remains important to note that the dismissal ordered on July 23 was without prejudice and may not foreclose the plaintiff's right to start a new action. Any such action, however, is always subject to defenses that a defendant may raise in response to a complaint that is properly filed and served. However, because the dismissal resulted from a procedural failing by the plaintiff, it was not an adjudication on the merits or on a basis that, by itself, prevents the plaintiff from filing a new complaint.

The entry shall be:

The court treats the plaintiff's letter filed on August 7, 2007, as a motion for reconsideration, and that motion is denied.

Dated: August 31, 2007

                         Justice, Maine Superior Court
                         Jeffrey L. Hjelm

BARTLETT ELLIOTT VS BREWER CITY OF POLICE DEPARTMENT
UTN:AOCSsr  -2007-0028396                    CASE #:BANSC-CV-2007-00068
--------------------------------------------------------------------------
SEL VD                               REPRESENTATION TYPE       DATE
01 0000002924 ATTORNEY:BENJAMIN, EDWARD R JR

    F FOR:BREWER CITY OF POLICE DEPARTMENT         DEF        RTND   08/08/2007


          Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.